**UNITED STATES of America, Plaintiff–Appellee,**

v.

**Juan Jose FLORES–GALLARDO, a.k.a. Juan Jose Flores–Galardo, a.k.a. Juan Flores–Gallardo, Defendant–Appellant.**

**No. 15–10021.**

United States Court of Appeals, Ninth Circuit.

---

* The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir..R. 36–3.

Submitted April 13, 2016.*

Filed April 18, 2016.

David Patrick Savel, Assistant U.S., Office of the U.S. Attorney, Tucson, AZ, for Plaintiff–Appellee.

Isabel Michela Amsel, Law Office of Isabel Michela Amsel, Tucson, AZ, for Defendant–Appellant.

Before: FARRIS, TALLMAN, and BYBEE, Circuit Judges.

## MEMORANDUM **

Juan Jose Flores–Gallardo appeals from the district court's judgment and challenges the 77–month sentence imposed following his guilty-plea conviction for reentry of a removed alien, in violation of 8 U.S.C. § 1326. We have jurisdiction under 28 U.S.C. § 1291, and we affirm.

Flores–Gallardo contends that remand is warranted because the government improperly withheld a motion for a third-level reduction for acceptance of responsibility under U.S.S.G. § 3E1.1(b). We disagree. The record reflects that the government's decision to withhold the third point in this case was based on Flores–Gallardo's failure to plead guilty until after trial commenced. This was not improper. *See id.* at cmt. n. 6.

Flores–Gallardo next contends that his sentence is substantively unreasonable. The district court did not abuse its discretion in imposing Flores–Gallardo's sentence. *See Gall v. United States,* 552 U.S.

38, 51, 128 S.Ct. 586, 169 L.Ed.2d 445 (2007). The low-end sentence is substantively reasonable in light of the 18 U.S.C. § 3553(a) sentencing factors and the totality of the circumstances, including Flores–Gallardo's criminal history and the need for deterrence. *See Gall,* 552 U.S. at 51, 128 S.Ct. 586. Moreover, the court's explanation of the sentence was adequate. *See United States v. Carty,* 520 F.3d 984, 992 (9th Cir.2008) (en banc).

We decline to reach on direct appeal Flores–Gallardo's claim that his trial counsel was ineffective. *See United States v. McKenna,* 327 F.3d 830, 845 (9th Cir. 2003).

**AFFIRMED.**

---

* The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.